1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ISAIAH WASHINGTON,                          No. 2:25-cv-02204-EFB (PC)

12                 Plaintiff,

13         v.                                      ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    J. CAVAGNOLO, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42

18    U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).  Plaintiff has also filed an application to proceed in forma pauperis and a

20    motion for preliminary injunctive relief.  ECF Nos. 2, 4.

21    **I.    Request to Proceed In Forma Pauperis**

22         Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25    § 1915(b)(1) and (2).

26    **II.   Screening Requirement and Standards**

27         Federal courts must engage in a preliminary screening of cases in which prisoners seek

28    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

1  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

2  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

3  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

4  relief."  *Id.* § 1915A(b).

5        This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a

6  case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other

7  things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be

8  granted," or "seeks monetary relief against a defendant who is immune from such relief."  "[The]

9  term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion,

10  but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

11  (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)).  Thus, § 1915(e)(2)

12  allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as

13  facts describing "fantastic or delusional scenarios."  *Id.* at 327-38.

14        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

15  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

16  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

17  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

18  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

19  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

20  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

21  U.S. 662, 679 (2009).

22        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

23  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

24  action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

25  a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at

26  678.

27        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

28  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

A.    *Allegations of the Complaint.*

Plaintiff alleges that that he was issued two Rules Violation Reports ("RVRs") on December 15, 2024.  ECF No. 1 at 18-20.  Defendant Fuentes, a correctional officer at California State Prison, Solano ("CSP-Solano"), issued RVR Log No. 7535385 for delaying a peace officer and an unidentified staff member issued RVR Log No. 7534877 for manufacturing alcohol.  *Id.* Defendant Francisco, a correctional lieutenant at CSP-Solano, found plaintiff guilty of the former RVR, and defendant Davis, also a correctional lieutenant at CSP-Solano, found plaintiff guilty of the latter RVR.  *Id.*  Plaintiff does not provide any facts concerning the circumstances underlying the RVRs, but claims that, by "stacking" the RVRs defendants violated California Code of Regulations title 15, § 3312(b), and, in turn, violated his due process and Eighth Amendment rights.  *Id.*

B.    *Analysis*

Plaintiff's complaint must be dismissed, because violations of title 15 of the California Code of Regulations do not create a private right of action.  *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020).  The complaint includes no allegations, beyond the asserted violation of title 15, supporting his due process and Eighth Amendment claims.

Leave to Amend.  The court will grant plaintiff an opportunity to file an amended complaint to attempt to cure the defects identified in this order.

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner.  The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

////

3

Any amended complaint must not join unrelated claims.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Unrelated claims against different defendants must therefore be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *Id.*

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

4

1 | *See* Local Rule 110.

2 | **IV.     Motion for Injunctive Relief**

3 |      Plaintiff has filed a motion seeking an order prohibiting prison officials from transferring

4 | him from his current housing.  ECF No. 4.  Plaintiff notes that no transfer is currently imminent,

5 | but that other prisoners have been transferred after filing civil actions.  *Id.*

6 |      Such an order may be issued upon a showing "that immediate and irreparable injury, loss,

7 | or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R.

8 | Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw.

9 | 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are

10 | identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir.

11 | 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an

12 | analysis of a temporary restraining order).  The purpose of the order is to preserve the status quo

13 | and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer."

14 | *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

15 |      To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely

16 | to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

17 | relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

18 | *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def.*

19 | *Council, Inc.*, 555 U.S. 7 (2008)).

20 |      Here, plaintiff has not yet stated a cognizable federal claim for relief, thus he has not

21 | shown he is likely to succeed on the merits.  Nor has he shown a likelihood of irreparable harm,

22 | as he concedes that no transfer is imminent and merely speculates that a transfer would disrupt his

23 | litigation efforts.  Plaintiff has additionally made no showings regarding the balance of equities or

24 | the public interest.

25 | **V.     Summary of Order**

26 |      Accordingly, it is ORDERED that:

27 |     1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

28 |     2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

1   in accordance with the notice to the California Department of Corrections and

2   Rehabilitation filed concurrently herewith.

3       3.  The complaint is dismissed with leave to file an amended complaint within 30

4           days of service of this order.  The amended complaint must bear the docket

5           number assigned to this case and be titled "Amended Complaint."  Failure to

6           comply with this order may result in a recommendation that this action be

7           dismissed for failure to state a claim and/or failure to prosecute.

8       4.  The Clerk of Court randomly assign a district judge to this action.

9         It is further RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 4) be

10  DENIED.

11        These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

16  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

17  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18

19  Dated: November 10, 2025

20  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

6